Alexandria V. Ruiz (SBN 313286)
aruiz@sidley.com
SIDLEY AUSTIN LLP
350 S. Grand Avenue
Los Angeles, CA 90071
Telephone: +1 213 896 6000
Facsimile: +1 213 896 6600

Dianne O. Fischer (*admitted Pro Hac Vice*)
deedee.fischer@sidley.com
Ian Ross (*admitted Pro Hac Vice*)
iross@sidley.com
SIDLEY AUSTIN LLP
1001 Brickell Bay Drive, 9th Floor
Miami, FL 33131
Telephone: +1 305 391 5100
Facsimile: +1 305 391 5101

*Attorneys for Defendant*
D2C, LLC, d.b.a. UNIVISION NOW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

DINORATH VILLALOBOS and EZEQUIEL PALOMINO, individual and on behalf of all others similarly situated,

Plaintiffs,

vs.

D2C, LLC, d.b.a. UNIVISION,

Defendant.

Case No. 5:24-cv-01517-BLF
Assigned to Hon. Beth Labson Freeman

**DEFENDANT D2C, LLC's (D.B.A. UNIVISION NOW) NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT**

| | |
|---|---|
| Hearing Time: | 9:00 am |
| Hearing Date: | September 26, 2024 |
| Place: | Courtroom 3 – 5th Floor |
| Action Filed: | March 12, 2024 |
| Trial Date: | Not set |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on September 26, 2024 at 9:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 3, 5th Floor of San Jose Courthouse, 280 South 1st Street, San Jose, CA 95113, Defendant D2C, LLC, d.b.a. UNIVISION NOW ("Univision NOW"), shall and hereby does move to dismiss Plaintiff Dinorath Villalobos and Ezequiel Palomino's ("Plaintiffs") Complaint (the "Complaint") pursuant to Rule 12(b)(1), 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and such other matters as the Court may consider.

**STATEMENT OF ISSUES PRESENTED**

1. Whether the Complaint should be dismissed under Rule 12(b)(2) for lack of personal jurisdiction;

2. Whether the Complaint should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction because Plaintiffs lack standing;

3. Whether the Complaint should be dismissed under Rule 12(b)(6) because any disclosure by Univision NOW to third party service provider Endeavor Streaming is incident to Univision NOW's ordinary course of business, 18 U.S.C. § 2710(b)(2)(E);

4. Whether the Complaint should be dismissed under Rule 12(b)(6) because an ordinary person could not identify Plaintiffs or other Univision NOW users from the disclosed data, *see Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 985 (9th Cir. 2017);

5. Whether the Complaint should be dismissed under Rule 12(b)(6) because Plaintiffs' claims are barred under the applicable statute of limitations; and

6. Whether the Complaint should be dismissed under Rule 12(b)(6) as to Plaintiffs' claims under Civil Code § 1799.3 on the same grounds as those relating to the VPPA.

# TABLE OF CONTENTS

Page


INTRODUCTION ....... 1

BACKGROUND ....... 3

I. THE VPPA ....... 3

II. CALIFORNIA CIVIL CODE § 1799.3 ....... 4

III. PLAINTIFFS' ALLEGATIONS AND PURPORTED CAUSES OF ACTION ....... 5

ARGUMENT ....... 6

I. THE COURT LACKS PERSONAL JURISDICTION OVER UNIVISION NOW. ....... 6

1. There is No Purposeful Direction at California. ....... 8

2. Plaintiffs' Claims Do Not Arise Out Of Or Relate To Univision NOW's Forum-Related Activities. ....... 11

3. Subjecting Univision NOW to Jurisdiction in California Would Be Unreasonable. ....... 12

II. PLAINTIFFS LACK STANDING TO SUE FOR DISCLOSURES ALLEGEDLY MADE FROM THE UNIVISION NOW WEBSITE BECAUSE THEY ONLY WATCHED VIA THE MOBILE APPLICATION. ....... 13

III. PLAINTIFFS FAIL TO STATE A VIOLATION OF THE VPPA. ....... 15

A. Plaintiffs' Claims Are Precluded by the VPPA's "Ordinary Course of Business" Exception. ....... 15

B. An Ordinary Person Cannot Identify Univision NOW Users From the Disclosed Data. ....... 17

C. Plaintiffs' Claims are Time-Barred by the VPPA's Two-Year Limitations Period. ....... 19

IV. PLAINTIFFS FAIL TO STATE A VIOLATION OF CIVIL CODE § 1799.3. ....... 20

CONCLUSION ....... 21

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AMA Multimedia, LLC v. Wanat*,
970 F.3d 1201 (9th Cir. 2020) ....................7, 9

*Ayer v. White*,
No. 21-cv-08773, 2022 WL 657502 (C.D. Cal. Mar. 4, 2022)....................11

*Ayla, LLC v. Alya Skin Pty. Ltd*.,
11 F.4th 972 (9th Cir. 2021) ....................8, 12

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................15

*Brand v. Menlove Dodge*,
796 F.2d 1070 (9th Cir. 1986) ....................7

*Caruth v. Int'l Psychoanalytical Ass'n*,
59 F.3d 126 (9th Cir. 1995) ....................13

*Clapper v. Amnesty Int'l USA*,
568 U.S. 398 (2013)....................14

*Cybersell, Inc. v. Cybersell, Inc*.,
130 F.3d 414 (9th Cir. 1997) ....................9

*Daimler AG v. Bauman*,
571 U.S. 117 (2014)....................6, 7

*Doe One v. CVS Pharmacy, Inc*.,
No. 18-cv-01031, 2024 WL 1707229 (N.D. Cal. Apr. 18, 2024)....................13, 14

*Doe v. FullStory, Inc*.,
No. 23-CV-00059, 2024 WL 188101 (N.D. Cal. Jan. 17, 2024)....................10

*Dougherty v. City of Covina*,
654 F.3d 892 (9th Cir. 2011) ....................15

*Eichenberger v. ESPN, Inc*.,
876 F.3d 979 (9th Cir. 2017) ....................2, 3, 18

*Fan v. NBA Props. Inc*.,
No. 23-cv-05069, 2024 WL 1297643 (N.D. Cal. Mar. 26, 2024) ....................4, 21

*Ford Motor Co. v. Montana Eighth Judicial District Court*,
592 U.S. 351 (2021)....................11

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*,
528 U.S. 167 (9th Cir. 2000) ....................13

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011)....................6, 7

*Hatset v. Century 21 Gold Coast Realty*,
649 F. App'x 400 (9th Cir. 2016) ....................8

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
466 U.S. 408 (1984)....................8

*Herbal Brands, Inc. v. Photoplaza, Inc.*,
72 F.4th 1085 (9th Cir. 2023) ....................9

*Jefferson v. Healthline Media, Inc.*,
674 F. Supp. 3d 760 (N.D. Cal. 2023) ....................15

*Kauffman v. Home Depot, Inc.*,
No. 23-CV-0259, 2024 WL 221434 (S.D. Cal. Jan. 19, 2024)....................10, 11

*LNS Enters. LLC v. Cont'l Motors, Inc.*,
22 F.4th 852 (9th Cir. 2022) ....................7

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992)....................13, 14

*Martin v. Meredith Corp.*,
657 F. Supp. 3d 277 (S.D.N.Y. 2023)....................4

*Martin v. Outdoor Network LLC*,
No. 23-cv-09807, 2024 WL 661173 (C.D. Cal. Jan. 31, 2024)....................9, 10, 11, 12

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
647 F.3d 1218 (9th Cir. 2011) ....................6, 9

*Maya v. Centex Corp.*,
658 F.3d 1060 (9th Cir. 2011) ....................13, 14

*McDonald v. Sun Oil Co.*,
548 F.3d 774 (9th Cir. 2008) ....................19

*Moledina v. Mariott, Int'l, Inc.*,
635 F. Supp. 3d 941 (C.D. Cal. 2022) ....................10

*Mollett v. Netflix, Inc.*,
795 F.3d 1062 (9th Cir. 2015) ....................3, 4, 15, 20

*Morrill v. Scott Fin. Corp.*,
873 F.3d 1136 (9th Cir. 2017) ....................9

*In re Nickelodeon Consumer Priv. Litig.*,
827 F.3d 262 (3d Cir. 2016)....................3, 17, 18

*Rancourt v. Meredith Corp.*,
No. 22-cv-10696, 2024 WL 381344 (D. Mass. Feb. 1, 2024)....................16, 17

*Ranza v. Nike, Inc.*,
793 F.3d 1059 (9th Cir. 2015)....................11

*Ratha v. Phatthana Seafood Co*.,
35 F.4th 1159 (9th Cir. 2022)....................11

*Rodriguez v. Sony Computer Ent. Amer., LLC*,
801 F.3d 1045 (9th Cir. 2015)....................4, 16

*San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*,
60 F.4th 481 (9th Cir.), *opinion amended and superseded on denial of reh'g*, 65 F.4th 1012 (9th Cir. 2023)....................1, 7, 12

*Schwarzenegger v. Fred Martin Motor Co*.,
374 F.3d 797 (9th Cir. 2004)....................7, 8, 9, 10

*Shulman v. Kaplan*,
58 F.4th 404 (9th Cir. 2023)....................13

*Sinatra v. Nat'l Enquirer, Inc*.,
854 F.2d 1191 (9th Cir. 1988)....................12

*Spokeo, Inc. v. Robins*,
578 US. 330, 336 (2016)....................14

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir.)....................15

*Staley v. Gilead Sciences, Inc.*,
19-cv-02573, 2021 WL 4972628 (N.D. Cal. Mar. 12, 2021)....................20

*Sterk v. Redbox Automated Retail, LLC*,
770 F.3d 618 (7th Cir. 2014)....................4, 16, 17

*Timboe v. Clark*,
No. 20-cv-08719, 2022 WL 991721 (N.D. Cal. Mar. 31, 2022)....................20

*Walden v. Fiore*,
571 U.S. 277 (2014)....................8, 11

*Wasco Prods., Inc. v. Southwall Tech., Inc.*,
435 F.3d 989 (9th Cir. 2006)....................20

*Williams v. California*,
764 F.3d 1002 (9th Cir. 2014) ....................................................................................15

*Yershov v. Gannett Satellite Info Network, Inc.*,
820 F.3d 482 (1st Cir. 2016)..................................................................................17, 18

**Statutes**

18 U.S.C. § 2710 ........................................................................................................ *passim*

Cal. Civ. Proc. Code § 338..........................................................................................20

Cal. Civ. Proc. Code § 1799.3.................................................................................... *passim*

**Rules**

Fed. Rule Civ. Proc. 4(k) ..............................................................................................6

Fed. Rule Civ. Proc. 12(b) ..................................................................................1, 14, 15

**Other Authorities**

Senate Judiciary Committee Report on S.B. No. 2248, 1987-88 Regular Session (1988)……...20

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiffs allege that online streaming service Univision NOW improperly shared with its third-party service provider, Endeavor Streaming ("Endeavor"), subscribers' email addresses and titles of the videos watched on the Univision NOW service, in violation of the Video Privacy Protection Act (the "VPPA" or the "Act") and California Civil Code § 1799.3. According to Plaintiffs—who allege they use Univision NOW only through the mobile application—Univision NOW installed Endeavor's "Neulion Tracking Code" *on its website*, www.univisionnow.com (the "Website"). The Neulion Tracking Code allegedly tracks subscribers' private video consumption history from the Website and discloses them with the subscribers' email addresses to Endeavor via an "identification Token"[1] encoded in "Hacker Pig Latin," a/k/a Base64. Plaintiffs mischaracterize Base64 as a "computer language,"[2] although the Complaint makes clear that it is a text encoding scheme—meaning that the text must be decoded to be understood.

Plaintiffs' Complaint is deficient in the following respects, each of which independently requires dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(2) and 12(b)(6):

***First***, Plaintiffs fail to demonstrate a basis for the Court to assert personal jurisdiction over Univision NOW. Plaintiffs' allegations make clear that neither general nor specific jurisdiction exists. Univision NOW is neither incorporated in nor has its principal place of business in California. Compl. ¶ 7. Although Plaintiffs allege (incorrectly) that Univision NOW markets and advertises to, and

---

[1] Plaintiffs refer to an "identification Token" numerous times but fail to explain what it is. *See, e.g.*, Compl. ¶¶ 21-23.

[2] Plaintiffs erroneously claim Base64 is a "computer language." Compl. ¶ 21. However, as Plaintiffs' own cited materials explain, Base64 is a text encoding scheme. *Id.*, at 6 n.9 (citing article answering the question "What is Base 64?: Base64 is an encoding scheme . . . ."); *see also id.*, at 8 n.10 ("This article covers the basics of Base64 encoding . . . ."); *id.*, at 9 n.13 (citing article titled "An Introduction to Base64 Encoding").

collects private information from, California subscribers, *id.* ¶ 9, they fail to show that any of their claims arise out of that activity, or otherwise arise out of Univision NOW's contacts with California. In any event, due process does not permit personal jurisdiction over Univision NOW based on a claim that arises out of how information is allegedly shared by a non-resident company (Univision NOW) with another non-resident company (Endeavor).

***Second***, Plaintiffs fail to demonstrate that their injuries are fairly traceable to Univision NOW's alleged conduct, and therefore, must be dismissed for lack of standing. While Plaintiffs claim that Univision NOW disclosed subscriber information through the "Neulion Tracker Code" installed on the Website, Compl. ¶¶ 4, 17, 19, Plaintiffs only watched videos on the mobile application, not the Website. *Id.* ¶¶ 5-6. Because Plaintiffs do not and cannot allege that a tracking code installed on a website can access or disclose data from a subscriber watching video on the mobile application, they cannot allege that Univision NOW's alleged conduct caused their damages, and Plaintiffs' claims fail for lack of standing, and must be dismissed.

***Third***, Univision NOW's disclosure of subscriber information to Endeavor falls within VPPA's "incident to ordinary course of business" exception. 18 U.S.C. § 2710(b)(2). Plaintiffs allege Univision NOW violates the VPPA by using a third-party service provider, which collects subscriber information while delivering videos to consumers. The VPPA prohibits certain disclosures to third parties, but expressly carves out service providers who receive information in the "ordinary course" of providing their services. Here, there is no allegation that there has been any disclosure to anyone other than the service provider. It is, in short, a textbook example of the type of claim the VPPA's "ordinary course of business" exception was intended to prevent.

***Fourth,*** Plaintiffs fail to plausibly allege that an ordinary person could identify Univision NOW users from the disclosed data—which Plaintiffs concede is encoded in Hacker Pig Latin—as required for the information to constitute personally identifiable information ("PII") under the VPPA. *See Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 985 (9th Cir. 2017). Plaintiffs specifically admit that the data is encoded in Base64 and transmitted as part of an "identification Token," which requires specialized knowledge to decode. Indeed, even Plaintiffs had to resort to citing multiple computer science articles to explain that an "identification Token" that "looks like gibberish" to the

average person is purportedly an email address and video title.

***Fifth,*** Plaintiffs' VPPA claims are time-barred by the applicable statutes of limitations. Under the VPPA, claims must be brought within two years of the date of conduct complained of or discovery. According to Plaintiffs, their claims arose when they began watching content on Univision NOW, which was "around three years ago" for Palomino and in March 2020 for Villalobos. Compl. ¶¶ 29, 34. Plaintiffs fail to allege sufficient facts to invoke any tolling doctrines to revive their claims.

***Finally,*** because California Civil Code § 1799.3 closely tracks the VPPA, Plaintiffs' second claim fails for all the same reasons that their VPPA claims fail.

Accordingly, the Court should dismiss the Complaint in its entirety.

## BACKGROUND

### I. THE VPPA

Congress enacted the VPPA more than 35 years ago in response to a newspaper's publication of then-Supreme Court nominee Judge Robert Bork's video rental history. *See Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015) (citing S. Rep. 100-599, at 5 (1988), *reprinted* in 1988 U.S.C.C.A.N. 4342-1). According to the Senate Report accompanying the law's passage, Congress passed the Act "[t]o preserve personal privacy with respect to the rental, purchase or delivery of video tapes or similar audio visual materials." *In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 278 (3d Cir. 2016).

The VPPA generally prohibits "video tape service providers" from knowingly disclosing, to third-parties, "personally identifiable information concerning any consumer." 18 U.S.C. § 2710(b). A "consumer" is "any renter, purchaser, or subscriber of goods or services from a video tape service provider." *Id.* § 2710(a)(1). And PII is defined as "information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider." *Id.* § 2710(a)(3). The Ninth Circuit has held "that 'personally identifiable information' means only information that would 'readily permit an ordinary person to identify a specific individual's video watching behavior.'" *See Eichenberger*, 876 F.3d at 985; *see also In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d at 283.

The VPPA contains an exception that permits disclosures of PII made "incident to the ordinary course of business of the video tape service provider." 18 U.S.C. § 2710(b)(2)(E). The Ninth Circuit has held that this exception applies to "intra-corporate disclosures of consumers' personal information for the purpose of sustaining business operations," and other courts have similarly applied it to disclosures to a defendant's service providers as part of the provider's normal services. *See Rodriguez v. Sony Computer Ent. Amer., LLC*, 801 F.3d 1045, 1054-55 (9th Cir. 2015) (granting defendant's motion to dismiss, noting that "[T]he Senate Report [regarding the VPPA] reflects Congress' awareness of the unremarkable fact that no business is an island and that video tape services providers, like many other business, 'may use third parties in their business operations' . . . ."); *see also Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 626 (7th Cir. 2014) (finding that "wholesale disclosure of information pertaining to all customers" to a third party service provider for the purpose of supporting the provision of Redbox's services did not contravene the Act based on "ordinary course of business exception").

## II. CALIFORNIA CIVIL CODE § 1799.3

California Civil Code § 1799.3 also prohibits disclosure of video recording sale or rental services records. Section 1799.3 provides:

> No person providing video recording sales or rental services shall disclose any personal information or the contents of any record, including sales or rental information, which is prepared or maintained by that person, to any person, other than the individual who is the subject of the record, without the written consent of that individual.

Cal. Civ. Code § 1799.3(a). To violate this statute, the disclosure must be willful. *Mollett*, 795 F.3d at 1067 (citation omitted); Cal. Civ. Code § 1799.3(c).

While the language of § 1799.3 is similar to that of the VPPA, it is narrower in certain respects, including that it applies only to entities "providing video recording sales or rental services," i.e., to entities providing video materials to customers in exchange for money. *See Martin v. Meredith Corp.*, 657 F. Supp. 3d 277, 285-86 (S.D.N.Y. 2023). Additionally, the VPPA's consent requirements are more stringent than those in § 1799.3. *See Fan v. NBA Props. Inc.*, No. 23-cv-05069, 2024 WL 1297643, at *2 (N.D. Cal. Mar. 26, 2024).

## III. PLAINTIFFS' ALLEGATIONS AND PURPORTED CAUSES OF ACTION

Univision NOW is an online streaming service that offers programming through a paid monthly subscription. Compl. ¶ 13. Endeavor provides a content delivery network platform and other services to clients in the streaming industry such as Univision NOW. *Id.* ¶ 16. Lifting language from Endeavor's website, Plaintiffs note that one of the areas of services Endeavor offers is "audience development" services using its "digital marketers and analysis [to] uncover critical user behavior patterns, harness proprietary predictive insights, and optimize multi-channel OTT marketing tactics to help [clients] make informed data-driven decisions." *Id.* ¶ 16 nn. 3-5. Plaintiffs *do not* allege that Endeavor provides these audience development services to Univision NOW.

Plaintiffs allege that Univision NOW, as part of its relationship with Endeavor, embeds the Neulion Tracking Code on its Website—and only its Website—to track subscriber email addresses and the titles of the content watched on the Website. Compl. at ¶ 4. Plaintiffs further allege that Univision NOW transmits the information from the Website to Endeavor via an identification Token encoded in Base64, which Plaintiffs mischaracterize as a distinctive and "easily recognizable" "computer language." Compl. ¶¶ 4, 12-13, 17, 19, 22. Paragraph 20 and 21 present a series of computer language excerpts that Plaintiffs allege show how this language can be decoded, and claim that "any ordinary person" can decode the identification Token—despite citing to four articles to explain how encoding and decoding of Base64 works. *Id.* ¶ 5-6 nn. 9-10, 21, Figures 2-3.

Plaintiffs claim that they created accounts with Univision NOW using their email addresses, Compl. ¶¶ 29, 34, and have accessed Univision NOW content—solely on the mobile application—over an unspecified time period, *id.* ¶¶ 5, 6, 30, 35. Despite never alleging they accessed videos on the Website, Plaintiffs contend that the Website's Neulion Tracking Code disclosed to Endeavor their email addresses and the titles of the videos they watched in an identification Token encoded in Base64. *Id.* ¶¶ 31, 36. Plaintiffs claim, without further explanation, that they only discovered in March 2024 that this information was transmitted to Endeavor. *Id.* ¶¶ 33, 38.

Based on these allegations, Plaintiffs allege two causes of action against Univision NOW: (1) Violation of the Video Privacy Protection Act, 18 U.S.C. § 2710, *et seq*., Compl. ¶¶ 47-56; and (2) Violation of California Civil Code § 1799.3, *id*. ¶¶ 57-65. For the VPPA claim, Plaintiffs seek

to represent a nationwide class of "[a]ll similarly situated individuals in the United States who have a Univision NOW account and viewed Univision NOW videos via the website, univisionnow.com, and/or the mobile application." *Id.* ¶ 39. As for the California claim, Plaintiffs seek to represent a California subclass of "[a]ll similarly situated individuals in California who have a Univision NOW account and viewed Univision NOW videos via the website, univisionnow.com, and/or the mobile application." *Id.* ¶ 40. Plaintiffs demand statutory damages, declaratory and injunctive relief, and fees and costs. *Id.* ¶¶ 56, 65.

## ARGUMENT

### I. THE COURT LACKS PERSONAL JURISDICTION OVER UNIVISION NOW.

"Exercises of personal jurisdiction" are limited "by due process constraints on the assertion of adjudicatory authority." *Daimler AG v. Bauman*, 571 U.S. 117, 121-122 (2014). Federal courts "follow state law in determining the bounds of their jurisdiction over persons." *Id.*, 571 U.S. at 125 (citing Fed. R. Civ. P. 4(k)(1)(A)). Thus, federal due process and the law of the forum State set the limits for this Court's exercise of personal jurisdiction—a single inquiry here, since "California's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution." *Id.* at 117. Plaintiffs, as the party seeking to invoke personal jurisdiction, bear the burden of establishing that jurisdiction exists. *See, e.g.*, *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).

Based on the allegations in the Complaint, there is neither general nor specific personal jurisdiction over Univision NOW. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (personal jurisdiction over a defendant may be "general" or "specific"). This Court lacks general jurisdiction over Univision NOW because California is not Univision NOW 's place of incorporation or principal place of business. And this Court lacks specific jurisdiction over Univision NOW because Univision NOW has not purposefully directed acts toward California that gave rise to Plaintiffs' claims, nor would exercising specific jurisdiction be reasonable under due process principles. The Complaint should therefore be dismissed for lack of personal jurisdiction.

**A. There Is No General Jurisdiction Over Univision NOW in California.**

General jurisdiction exists only where a defendant is "essentially at home." *Goodyear*, 564 U.S. at 919. For "a corporation, the place of incorporation and principal place of business" are the paradigmatic forums. *Daimler AG*, 571 U.S. at 137. Otherwise, to be subject to general jurisdiction, a corporation's contacts must be "so 'continuous and systematic' as to render [them] essentially at home in the forum State," which could only occur in an "exceptional case." *Id*. at 139 & n.19.

The Complaint provides no basis to find general jurisdiction over Univision NOW. As Plaintiffs allege, Univision NOW is incorporated in Delaware and has its principal place of business in Florida. Compl. ¶ 7. Thus, the Court presumptively lacks general personal jurisdiction over Univision NOW. Moreover, Plaintiff alleges only ordinary business operations in California—certainly, nothing to make Defendant "essentially at home" in California. *See, e.g.*, *id*. ¶ 9 (alleging only that Univision NOW sells, markets and advertises in California). This falls well short of the "exacting standard" for general jurisdiction outside the place of incorporation and principal place of business. *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 801 (9th Cir. 2004); *see also Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986) (collecting cases denying general jurisdiction).

**B. There Is No Specific Jurisdiction Over Univision NOW in California.**

Univision NOW also is not subject to specific jurisdiction in California. "A defendant is subject to specific personal jurisdiction in the forum state if: (1) the defendant performed an act or consummated a transaction by which it purposely directed its activity toward the forum state; (2) the claims arose out of defendant's forum-related activities; and (3) the exercise of personal jurisdiction is reasonable." *San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 60 F.4th 481, 502 (9th Cir.), *opinion amended and superseded on denial of reh'g*, 65 F.4th 1012 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 190 (2023); *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 859 (9th Cir. 2022). "'If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law.'" *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1208 (9th Cir. 2020) (citation omitted). None of the three requirements are satisfied here.

**1. There is No Purposeful Direction at California.**

To satisfy the first requirement that Defendant purposefully directed its alleged action at the forum State, Plaintiff must show that Defendant: "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger*, 374 F.3d at 805. "All three parts of the test must be satisfied." *Id*. Plaintiffs cannot meet their burden.

**a. The Alleged Act Was Not "Expressly Aimed" at California.**

Plaintiffs allege that, when they "watched Defendant's videos through their Univision NOW accounts, Defendant disclosed [their] event data, which recorded and disclosed the video's URL and title as well as Plaintiff[s'] email address to Endeavor Streaming in Base64." Compl. ¶¶ 31, 36. This alleged activity clearly was not "expressly aimed" at the State of California. "Express aiming requires more than the defendant's awareness that the plaintiff it is alleged to have harmed resides in or has strong ties to the forum, because 'the plaintiff cannot be the only link between the defendant and the forum.'" *Ayla, LLC v. Alya Skin Pty. Ltd*., 11 F.4th 972, 980 (9th Cir. 2021). Plaintiffs' Complaint suffers this very defect. Plaintiffs do not allege any connection between their specific allegations and California—they do not even allege that they were in California when they accessed their Univision NOW accounts. Their Complaint fails on that basis alone.

Even if Plaintiffs were in California at the time they accessed the Univision NOW service, if the Univision NOW Website received data from a California resident, that connects the recipient (Univision NOW) only to the resident, "not to California specifically." *Hatset v. Century 21 Gold Coast Realty*, 649 F. App'x 400, 402 (9th Cir. 2016) (affirming dismissal for lack of personal jurisdiction). The "unilateral activity" of a plaintiff "is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984); *see also Walden v. Fiore*, 571 U.S. 277, 278, 284 (2014) ("[M]ere injury to a forum resident is not a sufficient connection to the forum," and finding that the Supreme Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State") (citations omitted). The claim "must

involve the forum state itself, and not just have some effect on a party who resides there." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1144-1145 (9th Cir. 2017) (affirming lack of personal jurisdiction because "[a]ny links to Arizona, which included Defendants' communications with Plaintiffs by telephone and email . . . occurred only because it happened to be where Plaintiffs resided.").

Plaintiffs do not and cannot claim that Univision NOW specifically targeted California to collect subscriber data. On the contrary, Plaintiffs allege a company and nation-wide practice of purportedly violating the VPPA, and only that California subscribers were part of this purported practice. Compl. ¶¶ 1-4. As such, there is no "express aiming" at California. *Schwarzenegger*, 374 F.3d at 806-807 (defendant's use of plaintiff's image in ads not targeted at California).

The Ninth Circuit has made clear that a "passive" website that simply hosts information "does not qualify as purposeful activity invoking the benefits and protections" of the law of that state. *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 420 (9th Cir. 1997). Likewise, even an interactive website that allows a party to watch media or purchase goods is not enough for specific jurisdiction. *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1092 (9th Cir. 2023). To demonstrate "express aiming" in such circumstances, the complaint's allegations must show that an operator of "a website 'with national viewership and scope appeals to, and profits from, an audience in a particular state.'" *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1210 (9th Cir. 2020) (*quoting Mavrix*, 647 F.3d at 1231). Thus, if the website itself is the "***only*** jurisdiction contact" relevant to a specific jurisdiction analysis, the analysis "turns on whether the site had a forum-specific focus or the defendant exhibited an intent to cultivate an audience in the forum." *Id.* (emphasis in original).

Here, Plaintiffs have failed to plead facts showing that Univision NOW expressly aims its website or its activities at California. The only jurisdictional contact Plaintiffs allege relevant to their specific claims is the Website and their access of it—again, which they do not even allege occurred in California. The fact that they allege advertising and marketing to ***other*** California residents has nothing to do with their claim. *Martin v. Outdoor Network LLC*, No. 23-cv-09807, 2024 WL 661173, at *5 (C.D. Cal. Jan. 31, 2024) ("Insofar as Plaintiff suggests that Defendant's *overall sales* to California establish express aiming, that argument is unavailing because a sale is

not the intentional act from which Plaintiff's claims here arose.") (emphasis in original). Because Plaintiffs have not alleged that they were personally targeted while in California, i.e., that goods were shipped to them in California by Univision NOW or that Univision NOW had any other specific conduct aimed at them in California, Plaintiffs have failed to meet their burden of showing that Univision NOW purposefully directed its conduct at California. *Kauffman v. Home Depot, Inc.*, No. 23-CV-0259, 2024 WL 221434, at *1 (S.D. Cal. Jan. 19, 2024) (court lacked personal jurisdiction over defendant for personal data tracking through defendant's website and online purchasing system); *Doe v. FullStory, Inc.*, No. 23-CV-00059, 2024 WL 188101, at *11 (N.D. Cal. Jan. 17, 2024) (dismissing privacy claims where "something more" was needed in assessing whether a data processing company directed its activity toward California); *Ruth Martin v. Outdoor Network LLC*, No. 2:23-CV-09807, 2024 WL 661173, at *4 (C.D. Cal. Jan. 31, 2024) (alleged privacy claims failed to involve purchase or shipment of products into California).

**b. Univision NOW's Alleged Act Did Not Cause Harm That Univision NOW Knew Was Likely to be Suffered in California.**

Similarly, Plaintiffs cannot show that Univision NOW's alleged conduct caused them an injury that Univision NOW knew was "likely to be suffered in the forum state." *Schwarzenegger*, 374 F.3d at 803. Again, the only connection between Univision NOW's alleged conduct and California is that Plaintiffs claim that they are California residents. As the Ninth Circuit has explained, even where a defendant's "intentional act eventually caused harm to [the plaintiff] in California, and [the defendant] may have known that [the plaintiff] lived in California," "this does not confer jurisdiction" where the defendant did not expressly aim its acts at the forum state. *Schwarzenegger*, 374 F.3d at 807; *see also Moledina v. Mariott, Int'l, Inc.*, 635 F. Supp. 3d 941, 949 (C.D. Cal. 2022) (holding that the mere fact that defendant "knew, or at least reasonably should have known, [they] w[ere] calling from California … during the time of the call" did not confer specific jurisdiction). Plaintiffs therefore cannot show that Univision NOW knew harm was likely to be suffered in California.

### 2. Plaintiffs' Claims Do Not Arise Out Of Or Relate To Univision NOW's Forum-Related Activities.

For similar reasons, Plaintiffs' claims do not arise out of or relate to Univision NOW's contacts with California. *See, e.g., Ratha v. Phatthana Seafood Co*., 35 F.4th 1159, 1171 (9th Cir. 2022). This requirement "'depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum [State] and is therefore subject to the [State's] regulation.'" *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (citations omitted).

Here, Plaintiffs' claims do not "arise out of contacts that the 'defendant *[it]self*' create[d] with the forum State." *Walden*, 571 U.S. at 284. Univision NOW's nationally-available website and national advertising practices cause no different contacts in California than they do in any other state; the mere fact that a subscriber logs into the Univision NOW service from a certain State shows nothing about Univision NOW's activities within that State. *See, e.g.*, *id*. at 290 (where alleged injury could have occurred in "California, Mississippi, or wherever else [petitioner] might have traveled," the "effects of petitioner's conduct [were not] connected to the forum State in a way that makes those effects a proper basis for jurisdiction"); *Ayer v. White*, No. 21-cv-08773, 2022 WL 657502, at *5 (C.D. Cal. Mar. 4, 2022) ("Plaintiffs' injuries do not aid their jurisdictional argument because Plaintiffs would have suffered the same loss in any state they happened to be in at the time Defendants committed their alleged misconduct in Texas."). Nor is this prong satisfied just because Plaintiffs allege that Univision NOW advertises, sells, and markets in California because those are not the acts that give rise to Plaintiffs' allegations of misconduct. *Martin*, 2024 WL 661173, at *5 (sales in California not relevant for specific jurisdiction analysis where sales did not give to allege conduct); *see also Kauffman*, 2024 WL 221434, at *3 (alleged California contacts did not relate to the claims specific to plaintiff's data). Because a rule conferring jurisdiction simply because a company's national advertisements may be seen from a specific state would not "adequately protect defendants foreign to a forum," *Ford Motor Co. v. Montana Eighth Judicial District Court*, 592 U.S. 351, 362 (2021), courts have repeatedly rejected this type of argument, and the Court should do so here.

**3. Subjecting Univision NOW to Jurisdiction in California Would Be Unreasonable.**

Plaintiffs' Complaint should be dismissed for the independent reason "that the exercise of jurisdiction would be unreasonable and therefore violate due process." *Ayla*, *LLC*, 11 F. 4th at 983-84. This inquiry is "guided by seven factors: (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." *Id*. (citation and quotation omitted). These factors weigh against jurisdiction over Univision NOW.

*First*, the inquiry concerning the extent of a defendant's purposeful interjection is "analogous to the purposeful direction" analysis. *Sinatra v. Nat'l Enquirer, Inc*., 854 F.2d 1191, 1199 (9th Cir. 1988). As explained above, Univision NOW's operation of an interactive streaming website does not rise to the level of purposeful interjection into the forum state's affairs solely because Plaintiffs could view that website. Accordingly, this factor weighs against exercising jurisdiction. *See Martin*, 2024 WL 661173, at *5 (dismissing case for lack of personal jurisdiction).

*Second*, litigating in California would impose an unreasonable burden on Univision NOW. Univision NOW is a Delaware corporation with its principal place of business located in Florida. It should not be required to litigate a case across the country where Plaintiffs have not alleged anything other than their California residencies. Thus, this factor weighs against exercising jurisdiction.

*Third*, claims against Univision NOW should be heard by a court where Univision NOW is a corporate citizen when, as here, the claims do not arise out of its contacts with any other State. That is the essence of having forums where businesses are fundamentally at home and can thus have any claims heard against them. Therefore, this factor does not support exercising jurisdiction.

*Fourth*, although one of Plaintiffs' claims is based on California law, there otherwise is no relationship to California except that Plaintiffs live here, which, does not support exercising jurisdiction.

*Fifth*, the most efficient judicial resolution of the controversy would not be in California. Any relevant records relating to Plaintiffs' allegations would be outside California. Moreover, common class questions such as Univision NOW's policies and procedures, its Website and the services it provides, its relationship with Endeavor, and so forth, would be answered by witnesses and documents outside California. *See Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995) (the location of the evidence and witnesses is an important consideration in determining which forum can most effectively resolve a dispute). Therefore, this factor does not favor jurisdiction.

*Sixth*, it is not unreasonably inconvenient to require Plaintiffs to litigate their claim in another forum, when none of the relevant information, documents, or witnesses (besides Plaintiffs themselves) are located in California.

*Seventh*, there exists multiple alternative forums for the dispute based on Plaintiffs' own allegations, so this factor also weighs against exercising jurisdiction.

On balance, the seven factors favor a finding that the exercise of jurisdiction over Univision NOW would be unreasonable and therefore violate due process.

## II. PLAINTIFFS LACK STANDING TO SUE FOR DISCLOSURES ALLEGEDLY MADE FROM THE UNIVISION NOW WEBSITE BECAUSE THEY ONLY WATCHED VIA THE MOBILE APPLICATION.

"[L]ack of Article III standing requires dismissal for lack of subject matter jurisdiction under [Rule] 12(b)(1)." *Doe One v. CVS Pharmacy, Inc.*, Case No. 18-cv-01031, 2024 WL 1707229, at *4 (N.D. Cal. Apr. 18, 2024), citing *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180–81 (9th Cir. 2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). Because the question of standing is a "threshold issue," "that must be addressed before turning to the merits of a case." *Shulman v. Kaplan*, 58 F.4th 404, 407 (9th Cir. 2023).

A party invoking federal jurisdiction bears the burden of establishing standing, "which at the pleadings stage means 'clearly . . . alleg[ing] facts demonstrating each element." *CVS Pharmacy, Inc.*, 2024 WL 1707229, at *4 (quoting *Spokeo, Inc. v. Robins*, 578 US. 330, 336 (2016)).

An injury is "fairly traceable" where there is a causal connection between the injury and the defendant's challenged conduct. *Lujan v. Defs. Of Wildlife,* 504 U.S. 555, 560–61 (1992) The fairly traceable prong of the standing analysis requires the Plaintiffs to "establish a 'line of causation' between the [defendant's alleged action] and their alleged harm that is more than 'attenuated.'" *Maya,* 658 F.3d at 1070. Article III's causation requirement will not be satisfied by "a highly attenuated chain of possibilities." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013).

Here, Plaintiffs do not satisfy their burden to allege traceability sufficient to satisfy this Court's standing requirements. The most that Plaintiffs can allege is that Univision NOW embedded the Neulion Tracking Code *on the Website* and used that code to share its subscribers' viewing histories with Endeavor. However, Plaintiffs did not access Univision NOW on the Website; to the contrary, Plaintiffs specifically allege that they only accessed the Univision NOW streaming service via the mobile application. Compl. ¶¶ 5-6 (alleging both Plaintiffs "use[] the service via the Application"). Plaintiffs do not allege that the Neulion Tracking Code was, or even could be, embedded on the mobile application, nor do they allege any facts from which they could argue that a subscriber watching Univision NOW on the mobile application could have had their information shared to Endeavor via a tracking code on the Website.[3] Absent such allegations, Plaintiffs fail to allege the "line of causation" necessary to establish standing under Ninth Circuit precedent, and therefore, Plaintiffs' claims must be dismissed under Fed. R. Civ. P. 12(b)(1).

---

[3] While Plaintiffs' complaint purports to seek relief for prospective class members that watched the Univision NOW service via the mobile application, the Complaint is devoid of any facts from which such a claim could arise. Therefore, even if Plaintiffs' Complaint survives the valid grounds for dismissal in this motion, all claims arising out of class members' viewing of the mobile application should be dismissed.

## III. PLAINTIFFS FAIL TO STATE A VIOLATION OF THE VPPA.

Dismissal under Rule 12(b)(6) is appropriate where "there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal claim." *Mollett*, 795 F.3d at 1065 (citation omitted). "[A] complaint must set forth 'more than labels and conclusions,'" *Williams v. California*, 764 F.3d 1002, 1007 (9th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and contain more than "a formulaic recitation of the elements of a cause of action," *Dougherty v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011) (cleaned up). "Mere legal conclusions are not entitled to the assumption of truth." *Id.* "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), opinion amended on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001).

To state a claim for unlawful disclosure under the VPPA, "a plaintiff must allege that (1) a defendant is a 'video tape service provider,' (2) the defendant disclosed 'personally identifiable information concerning any customer' to 'any person,' (3) the disclosure was made knowingly, and (4) the disclosure was not authorized by section 2710(b)(2)." *Jefferson v. Healthline Media, Inc.*, 674 F. Supp. 3d 760, 763 (N.D. Cal. 2023) (citations omitted).

Plaintiffs fail to state a claim under the VPPA for at least three reasons. First, all disclosures made by Univision NOW to Endeavor were incident to Univision NOW's third-party service provider relationship with Endeavor and therefore fall within the VPPA's ordinary course of business exception, 18 U.S.C. § 2710(b)(2)(e). Second, there are no plausible allegations that the information disclosed by Univision NOW to Endeavor was PII because Plaintiffs' allegations make clear that Univision NOW disclosures were not made in a manner that would permit an ordinary person to identify them. Finally, Plaintiffs' claims are time-barred under the applicable two-year statute of limitations.

### A. Plaintiffs' Claims Are Precluded by the VPPA's "Ordinary Course of Business" Exception.

Plaintiffs' claims regarding Univision NOW's alleged disclosures to third-party service provider Endeavor should be dismissed pursuant to the VPPA's ordinary course of business

exception. "[T]he permissibility of disclosure under the VPPA turns on the underlying purpose for which [the provider] provides the information to a third party." *See Sterk*, 770 F.3d at 626. Numerous courts, including the Ninth Circuit, have held that disclosures of customer information intended to support the management and operation of the company fall within the ordinary course of business exception. *See id.* (Redbox's outsourcing of customer service operation and disclosure of customer information to third-party in support of that operation fell into ordinary course of business exception); *Rodriguez*, 801 F.3d at 1054–55 ("disclosures of consumers' personal information between Sony entities to sustain the operations of the PlayStation Network" was incident to the ordinary course of business); *see also Rancourt v. Meredith Corp.*, No. 22-cv-10696, 2024 WL 381344, at *17 (D. Mass. Feb. 1, 2024) (finding that the ordinary course of business exception applies to disclosures "designed to ensure the smooth operation of the business, such as customer support, internal data analytics, or cyber security").

In the Complaint, Plaintiffs concede that Endeavor is a third-party service provider to Univision NOW, and that Endeavor's Neulion Tracking Code is embedded on the Univision NOW website "to assist the website owner" and provide related services. Compl. ¶ 18. To that end, Plaintiffs cite to Endeavor Streaming's website, www.endeavorstreaming.com/services, to allege that Endeavor provides a "content delivery network platform" to clients such as Univision NOW. *Id.* ¶ 16 n.4. The cited website explains that Endeavor's content delivery network platform services include "content operations," "communications," and "end-user customer support." *See id* ¶ 16 n.3.; *see also id.* (citing www.endeavorstreaming.com/paltform which describes, Endeavor's streaming platform (Vesper) as "a fully integrated and end-to-end streaming platform that supports every stage of the video workflow"); *id.* ("Vesper is a multi-cloud and multi-CDN platform that supports all transmission dependencies from content ingestion and encoding to video player functionality . . . .").

In *Sterk*, 770 F.3d at 621, the Seventh Circuit specifically addressed the ordinary course of business exception as it applies to customer service and marketing. In that case, defendant Redbox outsources certain "back office" functions to various service providers, including Stream Global Services. Included in those services were customer service and marketing. *Id.* To enable Stream to

perform its services, Redbox disclosed all of its subscribers' personal information to Stream. *Id.* Like here, the plaintiff in *Redbox* alleged that such disclosure was a violation of the VPPA. *Id.* The *Redbox* court disagreed, holding that customer service is among the services covered by the "ordinary course of business" exception to the VPPA. *Id.* at 625. Because Redbox's disclosures to Stream were for the underlying purpose of facilitating Stream's customer service function, such disclosures were permitted. *Id.*

The facts of *Redbox* are strikingly similar to those at issue here. Univision NOW hired Endeavor to provide services that include customer support, and disclosed subscriber information to Endeavor to facilitate such services that fall within order fulfillment and request processing activities exempted under statute. *See* 18 U.S.C. § 2710(a)(2); *see also* Compl. ¶¶ 16-18 (alleging "Endeavor Streaming provides a content delivery network platform" to "clients in the streaming industry" and that Endeavor's Neulion Tracking Code is "imbedded" "[o]n each page where Univision NOW provides video content for subscribers to watch."); *see also* ¶ 16 n.3 (citing website explaining that Endeavor's services incident to the ordinary course of business, including "content operations," "communications," and "end-user customer support."). There is no allegation that the disclosures were for pecuniary purposes such as targeted advertising and the like. *Cf. Rancourt*, 2024 WL 381344, at *17 (disclosures made to Facebook and Google for generating revenue from targeted advertising are not covered by the exception). These are exactly the kind of circumstances that the ordinary course of business exception is meant to cover. Therefore, the Court should dismiss Plaintiffs' claims as covered by the ordinary course of business exception.

**B. An Ordinary Person Cannot Identify Univision NOW Users From the Disclosed Data.**

Many courts have considered the question of what constitutes PII, particularly under circumstances where the information disclosed does not identify a specific individual without combining it with other information about the individual. *See, e.g.*, *Nickelodeon*, 827 F.3d at 282-83 (considering whether IP addresses, browser fingerprints, and device identifiers constitute PII); *Yershov v. Gannett Satellite Info Network, Inc.*, 820 F.3d 482, 486 (1st Cir. 2016) (considering whether IP addresses together with GPS coordinates constitute PII). In *Nickelodeon*, a class of

children brought a multi-district class action against Viacom and Google, alleging that they unlawfully collected personal information—specifically, IP addresses, browser fingerprints, and unique device identifiers—on the Internet, including what webpages they visited and what videos they watched on Viacom's websites. 827 F.3d at 267. The Third Circuit considered, among other things, whether such identifiers constituted PII protected by the VPPA. *Nickelodeon*, 827 F.3d at 290. In so considering, the Court compared different pieces of information and their "power to identify a *specific person*." *Id.* at 289 (emphasis in original). Whereas the GPS coordinates of a person "would enable most people to identify what are likely the home and work addresses are of the viewer," an IP address, a device identifier, or a browser fingerprint would not. *Id.* "There is certainly a point at which the linkage of information to identity becomes too uncertain, or too dependent on too much yet-to-be-done, or unforeseeable detective work" to trigger liability under this statute." *Id.* at 289 (citing *Yershov*, 820 F.3d at 486).

This kind of "yet-to-be-done" and unforeseeable detective work is exactly what the Plaintiffs are asking for in this case. By alleging that subscriber information was first encoded using Hacker Pig Latin/Base64, and discussing at length the way a "regular person" could recognize the code, find free encoding software, and then decode it in order to determine a viewer's identity, Plaintiffs present a textbook example of information that would *not* "readily permit an ordinary person to identify" them, as is required to qualify as "personally identifiable information" or PII. *See Eichenberger*, 876 F.3d at 985; *see also Nickelodeon*, 827 F.3d at 283.

Here, the encoded information purportedly disclosed by Univision NOW requires at least the same amount of guesswork and specialized knowledge to identify a user as for the IP addresses or browser fingerprints in *Nickelodeon*. Plaintiffs allege that Univision NOW shared with Endeavor subscriber email addresses and viewing histories anonymously via an identification Token encoded in Base64. Compl. ¶ 22. But as Plaintiffs concede, the information contained in the Token cannot identify any individual subscriber unless and until it is translated and combined with additional information that decodes it from Base64 and notably, Plaintiffs do not allege that such decoding information is disclosed by Univision NOW. *Id.* ¶¶ 22-27.

"Translating" information encoded in Base64 requires specialized knowledge and skill typically held by computer programming professionals that write code that instructs an application, computer, website, or software on how to perform. *See id*. at 8 n.11 (citing "primer" on Base64 for security analysts). Before information encoded in Base64 can be "decoded," a person would first have to recognize the Base64 language. But Base64 text "looks like gibberish" to the untrained eye. *Id.* at 9 n.13 (citing an "introduction" article regarding Base64 encoding). As a result, an average person would not recognize such gibberish, much less know to take further steps to decode the information.

Even if, as Plaintiffs suggest, a person is able to find the identification Token via Univision NOW's Website, recognize the Base64 encoding system displayed, and then run the encoded information through a generative AI chatbot that in turn recognizes the Base64 language, that person would *still* have to know that Base64 decoding tools exist and then use those tools to decode the information. While Plaintiffs seek to minimize the extraordinariness of this knowledge regarding Base64 and the encoding and decoding process, their allegations are undermined by the three pages of their Complaint they need to explain how to decode it, and the fact that the Complaint cites to four articles explaining the same process. *Id.* at 8 nn.10-15.

In short, it is obvious that an ordinary person could not identify the Plaintiffs' video consumption behavior from the identification Token allegedly disclosed to Endeavor by the "Neulion Tracking Code." Therefore, the Complaint fails to adequately allege that Univision NOW disclosed Plaintiffs' PII to Endeavor in violation of the VPPA.

### C. Plaintiffs' Claims are Time-Barred by the VPPA's Two-Year Limitations Period.

Plaintiffs' claims also are time-barred by VPPA's statute of limitations because they arose more than two years ago. 18 U.S.C. § 2710(c)(3) ("No action may be brought under this subsection unless such action is begun within 2 years from the date of the act complained of or the date of discovery."). "A statute of limitations requires a lawsuit to be filed within a specified period of time after a legal right has been violated." *McDonald v. Sun Oil Co.*, 548 F.3d 774, 779 (9th Cir. 2008), *abrogated on other grounds by CTS Corp. v. Waldburger*, 573 U.S. 1 (2014). Plaintiffs seeking to

toll the statute of limitations have the burden of pleading the factual predicates for any tolling theory. *Wasco Prods., Inc. v. Southwall Tech., Inc.*, 435 F.3d 989, 991 (9th Cir. 2006) ("[F]ederal courts have repeatedly held that plaintiffs seeking to toll the statute of limitations on various grounds must have included the allegation in their pleadings.").

According to Plaintiffs, their claims arose when they began watching content on Univision NOW via the mobile application, Compl. ¶¶ 5-6, which was "around three years ago" for Palomino and in March 2020 for Villalobos, *id.* ¶¶ 29, 34. Because the "date of the act complained of" by Plaintiffs occurred more than two years ago, Plaintiffs' claims are untimely under the VPPA. *See Staley v. Gilead Sciences, Inc.*, 19-cv-02573, 2021 WL 4972628, at *14 (N.D. Cal. Mar. 12, 2021) ("[t]he fact that Plaintiffs included in their complaints allegations in support of tolling the statute of limitations . . . is essentially a concession that there is a facial time bar (at least in part)"). While Plaintiffs may point to their identical allegations claiming that they "frequently" visited Univision NOW to watch content and only "discovered" that Univision NOW disclosed their information to Endeavor in March 2024, they fail to plead any facts regarding the time period in which they viewed content or how they discovered that data was disclosed, including that their data was actually disclosed. Compl. ¶¶ 30, 33, 35, 38. Their failure to plead such facts bars tolling of their claims. *See Wasco Prods.*, 435 F.3d at 991; *Timboe v. Clark*, No. 20-cv-08719, 2022 WL 991721, at *5 (N.D. Cal. Mar. 31, 2022) (specific facts must be alleged for tolling) (citations and quotations omitted)

Because Plaintiffs' claims are time-barred on the face of the Complaint, they must be dismissed.

## IV. PLAINTIFFS FAIL TO STATE A VIOLATION OF CIVIL CODE § 1799.3.

California Civil Code section 1799.3 closely tracks the VPPA because it was enacted around the same time with the same purpose. *See* Senate Judiciary Committee Report on S.B. No. 2248, 1987-88 Regular Session (1988). Because the elements of both statutes are similar (except that the consent requirements under the VPPA are more stringent), the statute does not apply to the disclosures of names and addresses only for commercial purposes, Cal. Civ. Code § 1799.3(b)(6), and while the limitations period is three years, Cal. Civ. Proc. Code § 338(a), this claim fails for all of the same reasons as does Plaintiffs' VPPA claims. *See Mollet*, 795 F.3d at 1067 (affirming

dismissal of claim for violation of Civil Code § 1799.3 "for the same reasons" as dismissal of plaintiffs' VPPA claim); *see also Fan v. NBA Props., Inc.*, 2024 WL 1297643, at *2 (collectively addressing challenges to the sufficiency of claims under the VPPA and Civil Code § 1799.3 because the elements of both statutes were similar).

**CONCLUSION**

For the foregoing reasons, Univision NOW respectfully requests that the Court grant this Motion and dismiss Plaintiffs' claims.

DATED: May 16, 2024

Respectfully Submitted

SIDLEY AUSTIN LLP

By: */s/ Alexandria V. Ruiz*
Dianne O. Fischer (*admitted pro hac vice*)
Ian Ross (*admitted pro hac vice*)
Alexandria V. Ruiz

*Attorneys for Defendant*
D2C, LLC, d.b.a. UNIVISION NOW

**CERTIFICATE OF SERVICE**

I certify that on this 16th day of May, 2024, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Alexandria V. Ruiz*
Alexandria V. Ruiz