Alexandria V. Ruiz (SBN 313286)
aruiz@sidley.com
SIDLEY AUSTIN LLP
350 S. Grand Avenue
Los Angeles, CA 90071
Telephone: +1 213 896 6000
Facsimile: +1 213 896 6600

Laura V. Herrera (SBN 343929)
laura.herrera@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: +1 415 772 1200
Facsimile: +1 415 772 7400

Dianne O. Fischer *(admitted Pro Hac Vice)*
deedee.fischer@sidley.com
Ian Ross (*admitted Pro Hac Vice*)
iross@sidley.com
SIDLEY AUSTIN LLP
1001 Brickell Bay Drive, 9th Floor
Miami, FL 33131
Telephone: +1 305 391 5100
Facsimile: +1 305 391 5101

*Attorneys for Defendant*
D2C, LLC, d.b.a. UNIVISION NOW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| DINORATH VILLALOBOS and EZEQUIEL PALOMINO, individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>D2C, LLC, d.b.a. UNIVISION,<br><br>Defendant. | Case No. 5:24-cv-01517-BLF<br>Assigned to Hon. Beth Labson Freeman<br><br>**DEFENDANT D2C, LLC'S (D.B.A. UNIVISION NOW) REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Hearing Time: 9:00 a.m.<br>Hearing Date: October 17, 2024<br>Place: Courtroom 3 – 5th Floor<br><br>FAC Filed: June 6, 2024<br>Action Filed: March 12, 2024<br>Trial Date: Not set |

# TABLE OF CONTENTS

INTRODUCTION ........ 1

ARGUMENT ........ 1

I. PLAINTIFFS FAIL TO CARRY THEIR BURDEN OF ESTABLISHING THAT THE COURT'S EXERCISE OF SPECIFIC JURISDICTION IS PROPER. ........ 1

1. Univision NOW Did Not "Expressly Aim" at California. ........ 2

2. Plaintiffs' Claims Do Not Arise Out Of Univision NOW's Forum-Related Activities. ........ 6

3. Exercising Jurisdiction Over Univision NOW Would Be Unreasonable. ........ 8

4. Jurisdictional discovery should not be permitted. ........ 10

II. PLAINTIFFS LACK STANDING TO BRING VPPA CLAIMS PREMISED ON DISCLOSURES VIA UNIVISION NOW'S WEBSITE. ........ 10

III. PLAINTIFFS FAIL TO STATE A VIOLATION OF THE VPPA. ........ 11

A. The Ordinary Course of Business Exception Applies to Endeavor Disclosures. ........ 11

B. Alleged Disclosures Encoded in Base64 Do Not Constitute PII Because An Ordinary Person Cannot Identify Univision NOW Users From Such Data. ........ 13

C. Plaintiffs' Claims Are Time Barred and Should be Dismissed. ........ 14

IV. PLAINTIFFS FAIL TO STATE A VIOLATION OF CIVIL CODE § 1799.3. ........ 15

CONCLUSION ........ 15

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*AMA Multimedia,* LLC *v. Wanat*,
970 F.3d 1201 (9th Cir. 2020) ....................4, 5

*Bibiyan v. Marjan Television Network, Ltd.*,
No. cv18-1866, 2019 WL 422664 (C.D. Cal. Feb. 4, 2019)....................2

*Chorost v. Rotor Amer. Inc.*,
No. cv-21-00235, 2022 WL 17361299 (D. Ariz. Aug. 8, 2022) ....................7

*Crouch v. Ruby Corp.*,
639 F. Supp. 3d 1065 (S.D. Cal. 2022)....................3, 5

*Data Disc, Inc. v. Systems Technology Associates, Inc.*,
557 F.2d 1280 (9th Cir. 1977) ....................9

*DFSB Kollective Co. v. Bourne*,
897 F. Supp. 2d 871 (N.D. Cal. 2012) ....................3

*Dole Food Co. v. Watts*,
303 F.3d 1104 (9th Cir. 2002) ....................9

*Eichenberger v. ESPN, Inc.*,
876 F.3d 979 (9th Cir. 2017) ....................13

*Ford Motor Co. v. Montana Eighth Judicial District Court*,
592 U.S. 351 (2021)....................7

*Freestream Aircraft (Bermuda) Ltd., v. Aero Law Grp.*,
905 F.3d 597 (9th Cir. 2018) ....................8, 9

*Herskowitz v. Apple Inc.*,
940 F. Supp. 2d 1131 (N.D. Cal. 2013) ....................11

*In re Hulu Privacy Litigation*,
No. C11-03764, 2012 WL 3282960 (N.D. Cal. Aug. 10, 2012)....................12

*Kellytoy Worldwide, Inc. v. Jay at Play Int'l Hong Kong Ltd.*,
No. CV 19-cv-07831, 2019 WL 8064196 (C.D. Cal. Dec. 5, 2019) ....................10

*Lawrence v. Finicity Corp.*,
No. 2:23-cv-01005, 2024 WL 584615 (E.D. Cal. Feb. 13, 2024) ....................14

*LNS Enter., LLC v. Continental Motors, Inc.*,
22 F.4th 852 (9th Cir. 2022) ....................7, 10

*Mavrix Photo, Inc. v. Brand Technologies*, 647 F.3d 1218 (9th Cir. 2011) ....................4

*Mlejnecky v. Olympus Imaging Am. Inc.*, No. 2:10-CV-02630, 2011 WL 1497096 (E.D. Cal. Apr. 19, 2011) ....................11

*Moghadam v. Regents of Univ. of Cal.*, 169 Cal. App. 4th 466 (2008) ....................15

*In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262 (3d Cir. 2016)....................14

*Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998) ....................8

*Patagonia, Inc. v. MyLocker.com LLC*, No. CV 23-219, 2023 WL 4291838 (C.D. Cal. May 22, 2023) ....................9

*Rancourt v. Meredith Corp.* No. 22-cv-10696, 2024 WL 381344, at *17 (D. Mass. Feb. 1, 2024) ....................12

*Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159 (9th Cir. 2022) ....................6

*Rio Prop., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir, 2002) ....................5

*Rodriguez v. Sony Comput. Ent. Am., LLC*, 801 F.3d 1045 (9th Cir. 2015) ....................13

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004) ....................2, 6

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001), *opinion amended on denial of reh'g* 275 F.3d 1187 (9th Cir. 2001) ....................12

*Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618 (7th Cir. 2014) ....................12, 13

**Statutes**

18 U.S.C. § 2710(a)(3) ....................13

Cal. Civ. Code § 1799.3 ....................1, 15

**Court Rules**

Fed. Rule Evid. 201(b) ....................3

Defendant D2C, LLC (d.b.a. Univision NOW) ("Univision NOW") respectfully submits this reply memorandum in support of its Motion to Dismiss Plaintiff Dinorath Villalobos and Ezequiel Palomino's First Amended Class Action Complaint (the "Motion" or "Mot."), ECF 32.

## INTRODUCTION

Plaintiffs claim that Univision NOW, an online streaming service, has shared subscribers' email addresses and the titles of videos watched with Univision NOW's third-party service provider, Endeavor Streaming ("Endeavor"), in violation of the Video Privacy Protection Act (the "VPPA") and California's analog, Civil Code § 1799.3. In its Motion, Univision NOW showed that the First Amened Class Action Complaint ("FAC") should be dismissed because: (1) there is no personal jurisdiction over Univision NOW; (2) Plaintiffs lack standing to sue for VPPA violations purportedly arising from the Univision NOW website (the "Website"); (3) the VPPA's "ordinary course of business" exception bars Plaintiffs' claims; (4) that the information Univision NOW allegedly disclosed does not qualify as personally identifiable information ("PII") under either the VPPA or California's statute; and (5) Plaintiffs' claims are time-barred under the applicable statute of limitations.

In their Opposition to Defendants' Motion to Dismiss ("Opposition" or "Opp'n"), ECF 38, Plaintiffs attempt to bolster their inadequate and conclusory allegations by arguing facts not alleged in the FAC, misrepresenting arguments made in the Motion, and inaccurately interpreting and applying the relevant case law. However, rather than establishing that they have adequately pleaded jurisdiction and stated their claims, Plaintiffs' Opposition confirms that they are unable to overcome the deficiencies in their FAC, unable to show that the Court has jurisdiction over Univision NOW, and unable to show that their claims can avoid the dispositive defenses evident on the face of the FAC. Accordingly, the Court should dismiss the FAC.

## ARGUMENT

### I. PLAINTIFFS FAIL TO CARRY THEIR BURDEN OF ESTABLISHING THAT THE COURT'S EXERCISE OF SPECIFIC JURISDICTION IS PROPER.

Plaintiffs argue that the Court has personal jurisdiction over Univision NOW because (1) Univision NOW's content is in Spanish; (2) Univision NOW purportedly advertises on California local news stations owned by a separate entity, Univision Network; and (3) Univision NOW's content

is "primarily" "Mexican-made soap operas" and television shows. Opp'n at 1, 3-15; FAC ¶¶ 8-15. Plaintiffs claim that is sufficient to establish specific[1] jurisdiction over Univision NOW. *Id.* However, Plaintiffs cannot show that these activities are sufficient to establish that (1) Univision NOW purposefully directed its activities toward California, (2) Plaintiffs' claims arise out of or relate to those California activities, and (3) given the lack of activities purposefully directed toward California, the exercise of personal jurisdiction would be reasonable under the circumstances. *See* Mot. at 8-13.

**1. Univision NOW Did Not "Expressly Aim" at California.**

To establish that Univision NOW purposefully directed its alleged actions toward California, Plaintiffs have to show that Univision NOW: "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 803 (9th Cir. 2004).

As to the "express aiming" requirement, Plaintiffs agree that, where, as here, a website is the "***only*** jurisdiction contact," the analysis "turns on whether the site had a forum-specific focus or the defendant exhibited an intent to cultivate an audience in the forum." *See* Opp'n at 4. Courts have also applied this analysis where the jurisdictional contact arose from the use of a mobile app. *See Bibiyan v. Marjan Television Network, Ltd.*, No. cv18-1866, 2019 WL 422664, at *4-5 (C.D. Cal. Feb. 4, 2019) (holding in part that express aiming was not met where a defendant broadcaster distributed a video streaming application through the third-party mobile app stores but did not direct third-party ads toward California). Despite amending their original complaint to add new jurisdictional allegations, Plaintiffs still fail to allege either the requisite California-specific focus or intent to cultivate a California audience.

***a. No Showing of a California-specific focus***

Plaintiffs incorrectly assert that the Website has a California-specific focus based on (1) their misguided assumption that Univision NOW's content, which Plaintiffs characterize as "primarily

---

[1] Plaintiffs' Opposition does not dispute, and therefore concedes, that this Court lacks general jurisdiction over Univision NOW.

Mexican-made soap operas and television shows in Spanish," "particularly appeals" to California's Mexican population, FAC ¶ 11; and (2) Univision NOW's advertisements aired on local news stations on the Univision Network. Opp'n at 4-7; FAC ¶ 11. These allegations do not constitute grounds for personal jurisdiction.

Plaintiffs' Opposition essentially concedes that the FAC's allegations regarding Univision NOW's broadcasting of Spanish-language content are insufficient, *see, e.g.,* FAC ¶ 11, in and of themselves, to constitute purposeful targeting; now their argument is "not every state's Spanish-speaking population is the same," Opp'n at 5. According to Plaintiffs, because "New York has a lot of Puerto Ricans who like to watch the *West Side Story*, Florida has a lot of Cubans who like to watch Scarface . . . tea-sipping Brits" like to watch *The Crown* and "Texan cowboys" like to watch *Friday Night Lights*, Univision NOW's broadcast of Mexican-made soap operas constitutes targeting of Mexican viewers in California. Opp'n at 5-6. By this strained logic, any state with viewers of Mexican origins can be targeted solely on the basis of that population's assumed preference for Mexican-made soap operas.

Plaintiffs' argument should be rejected. The fact that Univision NOW broadcasts Mexican-made soap operas is not evidence that it is specifically targeting California viewers, Mexican or otherwise, nor can such targeting be presumed based on such a simplistic and self-serving analysis. [2] *See DFSB Kollective Co. v. Bourne*, 897 F. Supp. 2d 871, 874, 883 (N.D. Cal. 2012) (holding that

---

[2] Almost none of the information Plaintiffs included in their original Opposition in single-spaced footnotes (which was moved into the text after the Court struck that memorandum) is alleged in the FAC or otherwise in evidence, thus requiring its exclusion from the record. *See Crouch v. Ruby Corp.*, 639 F. Supp. 3d 1065, 1081 (S.D. Cal. 2022) (rejecting as part of the record information presented only in an opposition memorandum). There is also no proper basis for the Court to judicially notice the information Plaintiffs rely upon to argue that Univision NOW's video content is "notably Mexican." *See* Opp'n at 6. Specifically, Plaintiffs fail to show that the materials are (1) "generally known within the trial court's territorial jurisdiction," or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid.

plaintiff could not make a prima facie showing of personal jurisdiction in California, "one of the largest markets for Korean music," on the basis of "the subject matter of Defendant's Websites—linking users to other websites where they can download Korean-language songs" because this "is not directly related to California").

In support of their flawed theory, Plaintiffs rely on *Mavrix Photo, Inc. v. Brand Technologies*, 647 F.3d 1218 (9th Cir. 2011), asserting that the *Mavrix* court "rejected" Univision NOW's argument that its Spanish-language programming appeals to a national audience rather than targeting California. Opp'n at 4-5. But *Mavrix* did not reject this line of argument. Instead, in finding that the website had a specific focus on the "California-centered celebrity and entertainment industries," and therefore, that personal jurisdiction was properly exercised, the court relied on a series of distinguishable facts not present here—including contracts with California business, a ticket center selling tickets to California events, and specific advertisements for California jobs, hotels, and vacations. 647 F.3d at 1222. Therefore, any suggestion that *Mavrix* is somehow determinative of the issue of whether Spanish language content, Mexican-made or otherwise, targets California or a broader national audience is simply false.

Plaintiffs also rely heavily on their allegations that a third party, Univision Network, airs Univision NOW ads on its local news stations. FAC ¶¶ 3 nn.1, 10. Plaintiffs repeatedly argue that California has the most Univision Network local television stations, and therefore, because Univision NOW ads are aired on such stations, California must be targeted. *See, e.g.*, Opp'n at 5 (citing FAC ¶ 10); *id.* at 9 (citing to the "Your City" page on Univision's website). Even if there were any basis for evaluating personal jurisdiction based upon the number of local news stations advertising Univision NOW's services—the Opposition cites no such case—Plaintiffs' argument is still flawed. That is because, as further discussed below, Plaintiffs do not allege that such advertisements were directed specifically to Californians, or that the advertisements were in any way different from advertisements broadcast in other states. In fact, the example links they include

---

201(b). Moreover, Plaintiffs improperly seek judicial notice of the truth of the matters asserted therein. Plaintiffs' ad hoc and improper request for judicial notice should therefore be denied.

in their Opposition reflect that they were not.

Ultimately, this case is more like *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1210 (9th Cir. 2020). There, the court held that the plaintiff had not sufficiently alleged that the defendant, an operator of an adult video website, had a forum-specific focus given the global market for adult content and the website's lack of a subject matter focus on California. 970 F.3d at 1210-11. As explained in the Motion, like the defendant adult video website operator, Univision NOW targets a broader, nationwide audience and thereby lacks a California forum-specific focus. Mot. at 10-11.

**b. *No Showing of an Intent to Cultivate a California Audience***

The FAC similarly falls short of adequately pleading that Univision NOW "exhibited an intent to cultivate a California audience for the sale of Univision NOW subscriptions" by airing advertisements on Univision Network news. FAC ¶10. Although Plaintiffs claim Univision NOW "engaged in the directed act of advertising the Univision NOW platform" by "airing ads on the Univision Network news," *id.* ¶10, again, they do not allege that the content of these advertisements were California-specific or tailored in any way to a California market. *Compare Crouch v. Ruby Corp.*, 639 F. Supp. 3d 1065, 1081 (S.D. Cal. 2022) (finding no express aiming because complaint lacked factual allegations regarding how advertisements were directed at Californians) *with Rio Prop., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020 (9th Cir, 2002) (holding that defendant directly targeted Nevada with state-specific radio and print advertisements). Again, Plaintiffs simply imply that advertising on Univision Network news programming necessarily entails express aiming toward California because the Univision Network has more local news stations in California than in other states. FAC ¶ 10. This argument is undercut by the website materials Plaintiffs cite in support, which identify 20 local Univision Network news stations across 11 states and expressly identifies their target audiences: the respective Spanish-speaking communities of each host city. FAC ¶ 10, n. 1. The evident scope of the Univision Network's geographic ambitions fails to reflect express aiming toward California, but instead reflects an intent to cultivate a Spanish-speaking viewing audience in markets throughout the United States.

Because Plaintiffs have failed to plausibly allege that Univision NOW targeted California, and that their claims arose out of such contacts, Plaintiffs have failed to meet their burden of showing

that Univision NOW purposefully directed its conduct at California.

#### c. *Harm Not Likely to be Suffered in California.*

Univision NOW's alleged conduct did not cause Plaintiffs harm that Univision NOW knew was "likely to be suffered in the forum state." *Schwarzenegger*, 374 F.3d at 803. As discussed above, Plaintiffs' Opposition fails to credibly show that they alleged that Univision NOW's Spanish-language programming has specific appeal to California residents. On the contrary, their allegations at most suggest that to the extent Univision NOW advertisements reached California audiences, they did so incidentally to their dissemination on the Univision Network news, a program broadcasted on local news stations in the Midwest, Northeast, South, and western regions of the United States. FAC ¶ 10, n.1. As addressed in the Motion, the Ninth Circuit has explained that even where a defendant's "intentional act eventually caused harm to [the plaintiff] in California, and [the defendant] may have known that [the plaintiff] lived in California," "this does not confer jurisdiction" where the defendant did not expressly aim its acts at the forum state. *Schwarzenegger*, 374 F.3d at 807. Plaintiffs have failed to establish that Univision NOW expressly aimed its acts toward California.

### 2. Plaintiffs' Claims Do Not Arise Out Of Univision NOW's Forum-Related Activities.

In the Motion, Univision NOW points out that Plaintiffs' claims do not arise out of forum-related activities that Univision NOW created because the nationally available website and national advertising practices cause no different contacts in California than they do in any other state; the mere fact that a subscriber logs into the Univision NOW service from a certain State shows nothing about Univision NOW's activities within that State. Mot. at 10 (citing *Walden v. Fiore*, 571 U.S. 277, 290 (2014)). In response, Plaintiffs cite to their "intentional cultivation" and "California focus" arguments, the flaws of which are laid out above. Because Univision NOW neither intentionally cultivated a California audience nor provided video content with a California focus, Plaintiffs' injuries cannot properly be said to arise out of or relate to contacts Univision NOW created in California. *See, e.g.*, *Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1171 (9th Cir. 2022).

Plaintiffs cite to *Ford Motor Co. v. Montana Eighth Judicial District Court*, 592 U.S. 351 (2021), where the Supreme Court held that claims can arise out of a defendant's activities when a defendant cultivates a market for a product in the forum state and a plaintiff alleges harm related to that product in the forum state. Opp'n at 12. However, *Ford* does not apply here. In *Ford*, the Supreme Court addressed whether a nonresident vehicle manufacturer could be haled into Montana or Minnesota courts for products liability actions relating to vehicles it did not sell, design, or manufacture in those forums. 592 U.S. at 352. The Supreme Court held that defendant's substantial business in the forum states supported personal jurisdiction, observing that defendant advertised "[b]y every means imaginable" in the forum states and "systematically" served their markets by providing an array of maintenance and repair services "designed to make driving a Ford convenient there." *Id.* at 365, 367. "By making it easier to own a Ford, [defendant] encourage[d] Montanans and Minnesotans to become lifelong Ford drivers." *Id.* at 365.

On its face, this case is easily distinguishable from *Ford*. Plaintiffs did not plead allegations sufficient to establish that Univision NOW cultivated a California market, and certainly not to the extent that Ford did. As other courts have noted in distinguishing *Ford*, "Ford not only had dozens of dealerships that performed maintenance on the types of vehicles at issue in the suits, but Ford also extensively marketed and sold those types of vehicles in the forum states." *LNS Enter., LLC v. Continental Motors, Inc.*, 22 F.4th 852, 863-64 (9th Cir. 2022) (distinguishing *Ford* to hold that defendant vehicle manufacturer that did not advertise, sell, or service a product in a forum, much less to the "extreme degree" that Ford did so, did not have contacts with the forum adequate to subject it to jurisdiction there). Ford's systematic, physical contacts in Montana and Minnesota are far afield from Univision NOW's digital presence in California, which is allegedly comprised only of the Website and incidental advertising on Univision Network news stations that Plaintiffs cannot allege were specifically targeted at California residents. These comparatively limited acts of advertising, selling, and marketing its service (not a mass-produced product) in California bear little connection to Plaintiffs' alleged injuries in California, and instead arise only incident to an intervening decision to log into an online account accessible throughout the United States. *See, e.g.*, *Chorost v. Rotor Amer. Inc.*, No. cv-21-00235, 2022 WL 17361299, at *9 (D. Ariz. Aug. 8, 2022)

(distinguishing *Ford* to hold that "limited contacts" like website lists and national advertising were "weak to non-existent" connections to the forum).

Accordingly, Plaintiffs' allegations neither arise out of nor relate to Univision NOW's contacts with California and accordingly do not support personal jurisdiction.

**3. Exercising Jurisdiction Over Univision NOW Would Be Unreasonable.**

In the Motion, Univision NOW sets forth the seven factors used to adjudicate reasonableness. Plaintiffs' responses fail to establish that the majority of the seven factors weigh in favor of the exercise of personal jurisdiction here.

With respect to the "purposeful interjection" factor, Plaintiffs rely on their failed argument that, by carrying Spanish-language and Mexican-made content, Univision NOW has "purposefully directed" its activities to California, which has been discussed and rejected above.

As for the second factor, Univision NOW argued that forcing it, a foreign entity, to litigate in California is unreasonably burdensome, given that all Plaintiffs have alleged is that they have California residences. *See* Mot. at 13. In response, Plaintiffs claim this factor weighs in their favor because Univision NOW "has not presented evidence that the inconvenience is so great as to constitute a deprivation of due process." Opp'n at 14 (citing *Freestream Aircraft (Bermuda) Ltd., v. Aero Law Grp.*, 905 F.3d 597, 608 (9th Cir. 2018)). But *Freestream* found this factor weighed in favor of the defendants, not the plaintiffs, because of the travel, time, and cost burdens associated with litigating a case where it is neither at home nor has its personal place of business. 905 F.3d at 608. Moreover, where, as here, there is no "clear justification for the exercise of jurisdiction," the factor weighs in favor of Univision NOW. *See Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, at 1323 (9th Cir. 1998) (requiring evaluation of the reasonableness of burden only if there are clear bases for the exercise of jurisdiction).

Plaintiffs do not address the third factor, the "extent of conflict with the sovereignty of the defendant's state," and therefore concede it favors Univision NOW.

Univision NOW argues that the fourth factor, California's interest in adjudicating the dispute, weighs against jurisdiction because there is no relationship to California aside from Plaintiffs' residencies and their California law claim, neither of which, for the reasons discussed

above, support the exercise of jurisdiction. In response, Plaintiffs rely on *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280 (9th Cir. 1977), to support their contention that California has an interest in protecting its citizens against tortious conducted committed against them in the state. Opp'n at 14. However, unlike the instant case, *Data Disc* encompassed conduct that actually occurred in California. In *Data Disc*, which involved breach of contract and inducement claims, the defendant participated in contract negotiations in California, for a contract ultimately formed in California, based on misrepresentations made in part in California. *Id.,* 557 F.2d at 1287-88. Here, Plaintiffs have not alleged tortious conduct was committed in California. Therefore, *Data Disc* is distinguishable.

Fifth, California is not the most efficient location for judicial resolution. The parties agree that aside from Plaintiffs, all witnesses and evidence are located outside of California. *See* Mot. at 14; Opp'n at 14. Although this factor is not heavily weighted given advances in communication and transportation, it still weighs at least slightly in favor of Univision NOW given that the burden of Plaintiffs to travel to Florida is less than for Univision NOW and other Endeavor-related witnesses—all located on the east coast—to travel to California. *See Patagonia, Inc. v. MyLocker.com LLC*, No. CV 23-219, 2023 WL 4291838, at *7 (C.D. Cal. May 22, 2023).

With respect to the sixth factor, "the importance of the forum to the plaintiff's interest in convenient and effective relief," Plaintiffs only argument is that they and their counsel are located in California. Opp'n at 14. However, aside from Plaintiffs' preference for their home forum, they don't articulate why litigating in an alternative forum would be unreasonably burdensome. And even if the Court agrees this factor favors Plaintiffs, it must be given little weight, as "in this circuit, the plaintiff's convenience is not of paramount importance." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1116 (9th Cir. 2002).

Seventh and finally, the FAC establishes that there are multiple alternative forums. *See* Mot. at 14. Where Plaintiffs bear, but fail to carry, the burden of proving the unavailability of an alternative forum, this factor weighs in favor of Univision NOW. *See Freestream*, 905 F.3d at 609-10 (holding this factor favored defendants where plaintiffs agree other forums exist, thus failing to carry their burden to prove otherwise).

Therefore, on balance, the exercise of jurisdiction over Univision NOW in California would be unreasonable and therefore violate due process.

**4. Jurisdictional discovery should not be permitted.**

Recognizing the shortcomings of its jurisdictional arguments, Plaintiffs request jurisdictional discovery. Opp'n at 5. This request is deficient and should be denied. To obtain jurisdictional discovery, Plaintiffs "must present at least a 'colorable basis' that jurisdiction exists." *Kellytoy Worldwide, Inc. v. Jay at Play Int'l Hong Kong Ltd.*, No. CV 19-cv-07831, 2019 WL 8064196, at *7 (C.D. Cal. Dec. 5, 2019). Not only have Plaintiffs failed to do so, they did not (and could not) explain how discovery would change the outcome of the jurisdictional analysis. Courts routinely deny jurisdictional discovery in these circumstances, and the Court should do so here. *LNS Enter.*, 22 F.4th at 865 (affirming denial of jurisdictional discovery where it was sought "without providing any affidavit or evidence substantiating" the request "or describing with any precision how such discovery could be helpful"); *Kellytoy*, 2019 WL 8064196, at *7 (denying jurisdictional discovery).

## II. PLAINTIFFS LACK STANDING TO BRING VPPA CLAIMS PREMISED ON DISCLOSURES VIA UNIVISION NOW'S WEBSITE.

Plaintiffs do not allege that they ever used the Univision NOW Website, nor do they allege that their information was disclosed via the Website. Indeed, Plaintiffs' individual claims relate solely to disclosure via the Univision NOW App. *See* FAC ¶¶ 5-6. To assert a basis for standing as to disclosures arising from use of the Univision NOW Website, Plaintiffs' Opposition makes assertions never pleaded in the Complaint, namely, that the Univision NOW App and Website comprise the same product, the Univision NOW platform. Opp'n at 15-16. The Court should not credit Plaintiffs' improper attempt to recast the FAC.

Plaintiffs cite paragraphs 21, 26-31, and Figures 1-6 as their basis for alleging that the Univision NOW App and Website are one in the same. However, allegations contained therein describe only similarities between the products with respect to their use of the Neulion tracking code. *See e.g.,* ¶ 21 ("Defendant has embedded the Endeavor Streaming code into its Website and App."). From paragraphs 27-31, Plaintiffs do not illustrate a shared identity between the Website and App, but instead illustrate the distinct mechanics by which their attorneys purport to have

decoded data generated on the Website and App. *See* FAC ¶¶ 27-31. Plaintiffs never once refer to the Univision NOW streaming platform as the "product" at issue. Opp'n at 15. Their disaggregation of the Website and App as means to access the streaming service is significant, in particular as they allege disclosures not through the streaming service as a whole, but through the Website and App, individually and in separate events. FAC ¶¶ 27-31.

Plaintiffs cannot assert traceable injuries arising from the Website when they did not use the Website. *See Herskowitz v. Apple Inc.*, 940 F. Supp. 2d 1131, 1150 (N.D. Cal. 2013) ("The Court finds that neither Juel nor Herskowitz can allege claims brought on behalf of customers who bought products other than from the iTunes Store."). And aside from their attempt to amend their FAC mid-briefing, they cite no authority establishing that similarities between the Website and the App permit Plaintiffs to bring claims on behalf of customers who accessed the Univision NOW streaming service via the Website. *See Mlejnecky v. Olympus Imaging Am. Inc.*, No. 2:10-CV-02630, 2011 WL 1497096, at *4 (E.D. Cal. Apr. 19, 2011) (dismissing plaintiff's CLRA and UCL claims relating to a camera model that has the "same underlying defects" and used the same advertisements as the model she purchased, but for which she did not allege any economic injury).

Thus, Plaintiffs' VPPA claims as to the Website must be dismissed for lack of standing.

## III. PLAINTIFFS FAIL TO STATE A VIOLATION OF THE VPPA.

### A. The Ordinary Course of Business Exception Applies to Endeavor Disclosures.

Plaintiffs argue that the ordinary course of business exception does not apply to disclosures made to Endeavor because they have alleged that Univision NOW uses third party service provider Endeavor's services for advertising and "remarketing," which Plaintiffs claim are activities that fall outside of the exception. Opp'n at 16-18. Plaintiffs are incorrect.

Endeavor provides both a content delivery platform and "market-differentiating direct-to-consumer business services" that include "audience development." FAC ¶ 22. Endeavor says as much on its website. What Univision NOW disputes is whether it is reasonable for this Court to infer that Univision NOW utilizes Endeavor for services other than content delivery, customer service, debt collection, and/or marketing, all of which fall into the Ordinary Course of Business

exception. *See Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 624 (7th Cir. 2014), citing S.Rep. No. 100–599, at 14 (1988), reprinted in 1988 U.S.C.C.A.N 4342. It is not.

The Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *opinion amended on denial of reh'g* 275 F.3d 1187 (9th Cir. 2001). Aside from selectively quoting from Endeavor's website, FAC ¶ 22, and relying on statements made by the United Fighting Championship—an entity wholly unrelated to Univision NOW, *id.* ¶ 23, and which no longer even appears on Endeavor's website—Plaintiffs have nothing that supports a reasonable inference that Univision NOW is using Endeavor for services not covered by the Ordinary Course of Business exception—despite having an opportunity to amend its original complaint to address this issue, which was raised by Univision NOW in its original motion to dismiss. Plaintiffs must allege facts beyond mere disclosure of information to Endeavor, a third-party service provider for Univision NOW, to plausibly plead that the disclosures were for purposes outside the exception.

Citing *In re Hulu Privacy Litigation*, No. C11-03764, 2012 WL 3282960, at *7 (N.D. Cal. Aug. 10, 2012) ("*Hulu II*"), Plaintiffs contend that courts have "uniformly held" that sharing subscriber data with a company like Endeavor for purposes of "internal research, advertising, and analytics" are not incident to the ordinary course of business for purposes of the VPPA. Opp'n at 16. This is wholly inaccurate. First of all, Plaintiffs quote the court's summary of the parties' positions, **not** the court's actual holding. *See Hulu II* at *6. More importantly, *Hulu II* did not involve web hosting companies like Endeavor, it involved online market research, ad network and web analytics companies ScoreCard, Google Analytics, Doubleclick, QuantCast, and Facebook (*id.* at *7), which do not provide the business-supporting services covered by the Ordinary Course of Business exception.

Moreover, in *Rancourt v. Meredith Corp.*—a case Plaintiffs themselves rely on— the court explicitly held that customer support and internal data analytics ***are*** covered under the exception, concurring with the standard set by the 7th and 9th Circuits. *See* No. 22-cv-10696, 2024 WL 381344, at *17 (D. Mass. Feb. 1, 2024) ("if the disclosure of PII is in furtherance of business management

and operations that are intra-corporate or inner facing, designed to ensure the smooth operation of the business, such as customer support, internal data analytics, or cyber security, it falls under the [ordinary course of business] exception."); *see also Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 625 (7th Cir. 2014); *Rodriguez v. Sony Comput. Ent. Am., LLC*, 801 F.3d 1045, 1054-55 (9th Cir. 2015)).

Plaintiffs erroneously claim that *Sterk* "rejects the argument that 'marketing' activities" fall within the ordinary course of business exception." Opp'n at 17. In fact, as specifically noted in the *Sterk* opinion, "marketing" is one of the disclosure exceptions specifically listed in the 1988 Senate Judiciary Report, which states:

> Th[e ordinary course of business exception] takes into account that video tape service providers may use third parties in their business operations. . . . This subsection also allows disclosure to permit video tape service providers to use mailing houses, warehouses, computer services, and similar companies for ***marketing to their customers***. These practices are called "order fulfillment" and "request processing."

*Id.* at 624, citing S.Rep. No. 100–599, at 14 (1988), reprinted in 1988 U.S.C.C.A.N 4342.

**B. Alleged Disclosures Encoded in Base64 Do Not Constitute PII Because An Ordinary Person Cannot Identify Univision NOW Users From Such Data.**

In response to the Motion, Plaintiffs contend that the Ninth Circuit requires PII to have the same meaning "without regard to its recipient's capabilities," such that "there is no requirement that the information be presented in a format that a person of ordinary technical acumen can understand." Opp'n at 18 (quoting *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 986 (9th Cir. 2017). Plaintiffs incorrectly assert that information constitutes PII under the VPPA whenever an ordinary person can, with the help of modern technology, determine a specific person's video consumption. *Id.* at 18-19.

The VPPA defines PII to "include[] information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider." 18 U.S.C. § 2710(a)(3). Adopting the Third Circuit's "ordinary person" standard, the Ninth Circuit has held that PII under the VPPA "means *only* that information that would 'readily permit an ordinary person to identify a specific individual's video-watching behavior." *Eichenberger*, 876 F.3d at 985

(quoting *In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 267 (3d Cir. 2016)) (emphasis added).

Here, an ordinary person *cannot* readily identify a Univision NOW subscriber's videos from information disclosed to Endeavor because such information is encoded in Base64. Decoding Base64 cannot readily be done by an ordinary person; in fact, Plaintiffs themselves argue that doing so would require an individual to have at least as much technical acumen as "anyone has who [sic] taken a single undergraduate computer science course." Opp'n at 19. This admission that college-level training—not to mention, access to websites that would allow someone to decipher the encoding, *see id.*—wholly undermines Plaintiffs' allegations.

Plaintiffs also accuse Univision NOW of misrepresenting *In re Nickelodeon Consumer Privacy Litigation*, to the Court. *See* Opp'n at 19. Their claims, again, do not withstand scrutiny. As discussed in the Motion, in *Nickelodeon*, the Third Circuit compared various pieces of information and their "power to identify a *specific person*." 827 F.3d at 289. This was in the context of the court articulating a framework that would identify what kinds of disclosures outside of the "1988 paradigm," *i.e.*, "a video clerk leaking an individual customer's video rental history," would trigger liability. *Id.* at 290. They deemed circumstances where the "linkage of information to identity becomes too uncertain, or too dependent on too much yet-to-be-done, or unforeseeable detective work" no liability exists. *Id.* at 289. As explained in the Motion, similar circumstances exist here because information encoded in Base64 cannot be used to identify a specific person unless and until that information is recognized as Base64, which (again according to Plaintiffs) requires obtaining some level of undergraduate education—or as Plaintiffs describe it "schoolwork." Ultimately, no matter how it is characterized, the information is not PII under the VPPA.

**C. Plaintiffs' Claims Are Time Barred and Should be Dismissed.**

Plaintiffs assert that Univision NOW's contention that their claims are time barred is premature under *Lawrence v. Finicity Corp.*, No. 2:23-cv-01005, 2024 WL 584615 at *24 (E.D. Cal. Feb. 13, 2024). *See* Opp'n at 21. Specifically, Plaintiffs contend that *Lawrence* provides that "questions on the statute of limitation and equitable tolling are 'generally determined by matters outside of the pleadings." *Id.* But what *Lawrence* actually states is that the parties agreed that

"*equitable tolling* is generally determined by matters outside the pleadings." *Id.* (emphasis added). In this instance, Plaintiffs appear to have conceded that they intend to invoke the discovery rule. Opp'n at 21 (asserting that "whenever Plaintiffs started their video subscription is irrelevant, because the VPPA has a statutory tolling provision."). Accordingly, Plaintiffs were required to but failed to plead facts supporting the invocation of that rule. *See* Mot. at 22-23.

**IV. PLAINTIFFS FAIL TO STATE A VIOLATION OF CIVIL CODE § 1799.3.**

Plaintiffs incorrectly maintain that they have pleaded a violation of California Civil Code Section 1799.3 because it is broader than the VPPA. According to Plaintiffs, because the statute prohibits the disclosure of generalized "personal information" without consent, Univision NOW's arguments that information encoded in Base64 cannot identify an individual essentially do not apply. Opp'n at 22. But Plaintiffs are again incorrect. To constitute "personal information," California courts require that disclosed information must be connected to other identifying data, such as a social security number. *See Moghadam v. Regents of Univ. of Cal.*, 169 Cal. App. 4th 466, 484 (2008) (rejecting contention that an individual's name without other identifying or descripting information constitutes "personal information."). Thus, taking Plaintiffs' allegations, disclosure of an email address and video title does not trigger liability under the California law because no other identifying data is disclosed.

**CONCLUSION**

For the foregoing reasons, Univision NOW respectfully requests that the Court grant this Motion to dismiss Plaintiffs' claims.

DATED: July 30, 2024

Respectfully Submitted

SIDLEY AUSTIN LLP

By: */s/ Alexandria V. Ruiz*
Dianne O. Fischer (*admitted pro hac vice)*
Ian Ross (*admitted pro hac vice*)
Alexandria V. Ruiz
Laura V. Herrera

*Attorneys for Defendant*
D2C, LLC, d.b.a. UNIVISION NOW

**CERTIFICATE OF SERVICE**

I certify that on this 30th day of July, 2024, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Alexandria V. Ruiz*
Alexandria V. Ruiz